■ In the Matter of KATHY L. JARVIS, Respondent, v ROBERT F. JARVIS, Appellant. [628 NYS2d 881] —Mikoll, J. P. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered March 8, 1994, which, *inter alia*, dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order directing payment of child support.

In an order of Family Court dated January 12, 1993 made after a hearing, respondent was directed to pay the sum of $60 per week ($43 per week current support plus $17 per week as his contribution to child care expenses) through the Franklin County Support Collection Unit for the support of his child, Joshua Jarvis, born in 1984. Respondent was also ordered to pay $10 per week on an arrearage of $990 for past unpaid child support. On February 22, 1993 respondent filed the petition which is the subject of this appeal seeking a modification of his support obligation to $25 per week because of a change in circumstances which he described in his supporting affidavit as "Decrease in deponent's income. Deponent's job has completed, he has no income."

A violation petition was then filed on May 12, 1993 by petitioner seeking an increase in child support because of a report that respondent had received a lump-sum payment of $4,887.66 in settlement of an industrial accident claim. A further petition for upward modification of the support payments dated June 23, 1993 was later withdrawn by petitioner. Following a hearing held before a Hearing Examiner on November 30, 1993 at which testimony was taken, the Hearing Examiner found an insufficient basis for the requested modification and dismissed the petition.

The Hearing Examiner found that under the prior order of support, respondent was imputed to be able to earn $8 per hour for 35 hours per week in his trade as a carpenter/construction worker which would be an imputed average weekly gross income of $280. He concluded that no facts or circumstances were shown which would render respondent unable to earn that amount. The Hearing Examiner further found that respondent was delinquent in making current support payments and had violated the prior order of support.

After consideration of objections to the Hearing Examiner's findings and order, Family Court found that the Hearing Examiner's findings of fact and conclusions were supported by the evidence and that respondent had failed to establish, by a preponderance of the evidence, a change in circumstances warranting a downward modification. This appeal ensued. The order of Family Court should be affirmed.

A review of the testimony reveals that respondent was out of work from February 22, 1993 to May 20, 1993 but never attempted to collect unemployment insurance benefits during this time. He stated that he had no income and lived off his girlfriend's salary at that time. Respondent testified as to the income he earned, his receipt of unemployment benefits, the

seasonal nature of construction work, his attempts to find work from active local construction employers and the lack of such work. He stated that he had not received a settlement of an injury claim that he had and that he had a personal injury suit pending.

An employee of the Support Collection Unit testified that no payments were received from respondent in January 1993 and only three were received in February 1993. No payments were received from respondent after February 16, 1993 until he paid $70 in cash on June 4, 1993. He then made a payment on July 6, 1993 by check, and two cash payments on July 20 and 26, 1993. The first payment from respondent's employer was received on July 30, 1993. Respondent did not inform the Support Collection Unit or petitioner of his employment with any of his employers in 1993 or of his collecting unemployment insurance. Anonymous telephone calls had alerted the Support Collection Unit of his employment causing the unit to investigate and secure payments through the employer. Thus, in view of the evidence that respondent attempted to conceal that he was working, and his lack of candor, the Hearing Examiner had reason to discount and/or reject respondent's claims as to the amount of income he earned in 1993. The record indicted that it was admittedly approximately $10,000.

Family Court's conclusion that respondent had not met his burden of establishing by a preponderance of the evidence that a change of his circumstance warranted a downward modification of his support obligation is supported by the record.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.